# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

February 7, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**ROBERT L. REPASS,**
**Claimant Below, Petitioner**

**vs.)    No. 11-0686**  (BOR Appeal No. 2045088)
                          (Claim No. 2005029435)

**WEST VIRGINIA OFFICE OF**
**INSURANCE COMMISSIONER**
**Commissioner Below, Respondent**

**and**

**EASTERN ASSOCIATED COAL, LLC,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Robert L. Repass, by Cathy Greiner, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Eastern Associated Coal, LLC, by Robert Busse[1], its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated March 28, 2011, in which the Board affirmed a September 9, 2010, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's September 17, 2009, decision granting Mr. Repass a 0% permanent partial disability award. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these

---

[1] On April 16, 2012, Robert Busse withdrew from the representation of Eastern Associated Coal, LLC. Eastern Associated Coal, LLC is currently represented by Henry Bowen.

1

reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Repass was working as a coal miner for Eastern Associated Coal when he injured his cervical spine. On February 2, 2005, the claim was held compensable for a neck sprain. Mr. Repass received a 5% permanent partial disability award on April 2, 2007, based on the March 1, 2007, evaluation by Dr. Landis. On September 17, 2009, the claims administrator granted an additional 0% permanent partial disability award. On April 9, 2009, Dr. Poletajev evaluated Mr. Repass and recommended a 15% permanent partial disability award, noting significant signs of radiculopathy. Dr. Landis, in August of 2009 re-evaluated Mr. Repass and found that he continued to suffer from the 5% impairment originally found. On February 19, 2010, Dr. Bachwitt evaluated Mr. Repass and agreed with Dr. Landis's 5% impairment rating.

In affirming the claims administrator's Order, the Office of Judges found that the preponderance of the evidence did not demonstrate that Mr. Repass was entitled to any permanent partial disability above that previously granted. On appeal, Mr. Repass argues that the Office of Judges did not find Dr. Poletajev's report to be unreliable, therefore he is entitled to an additional 10% permanent partial disability award. Eastern Associated Coal maintains that the additional 0% permanent partial disability award was correct because Dr. Poletajev did not use the correct method of evaluating Mr. Repass under West Virginia Code of State Rules § 85-20.

The Office of Judges concluded that Dr. Poletajev's report was not the best evidence of record concerning Mr. Repass's whole person impairment. It noted that Dr. Poletajev found significant signs of radiculopathy, while both Drs. Landis and Bachwitt found no signs of radiculopathy. Moreover, the Office of Judges found that while Dr. Poletajev conducted range of motion studies, he did not use the range of motion model to determine the amount of impairment. The Office of Judges found that Drs. Landis and Bachwitt used the correct method of calculating whole person impairment and concluded that Mr. Repass was entitled to an additional 0% permanent partial disability award based on those evaluations. The Board of Review reached the same reasoned conclusion in its decision of March 28, 2011. We agree with the reasoning and conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:**   **February 7, 2013**

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II